UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
BRENDAN CORBLEY,

        Plaintiff,

        -against-

THE COUNTY OF SUFFOLK,

        Defendant.
----------------------------------------------------------X

MEMORANDUM AND ORDER

CV 13-1884

(Wexler, J.)

FILED
IN CLERK'S OFFICE
U S DISTRICT COURT E D N Y

★ SEP 22 2014 ★

LONG ISLAND OFFICE

APPEARANCES:

CAMPANELLI & ASSOCIATES, P.C.
By: Andrew J. Campanelli, Esq.
1757 Merrick Avenue, Suite 204
Merrick, NY 11566
Attorneys for Plaintiff

DENNIS M. BROWN, SUFFOLK COUNTY ATTORNEY
By:   Christopher M. Gatto, Esq.
       Assistant County Attorney
H. Lee Dennison Building
P.O. Box 6100
100 Veterans Memorial Highway
Hauppauge, NY 11788
Attorney for Defendant

WEXLER, District Judge:

      Before the Court is a motion to dismiss by Defendant County of Suffolk ("County" or "Defendant") and a cross-motion for summary judgment by Plaintiff Brendan Corbley ("Corbley" or "Plaintiff"). For the reasons that follow, Defendant's motion is granted in part and denied in part, and Plaintiff's motion is denied in its entirety.

## BACKGROUND

I.   Factual Background

Plaintiff brings this action under 42 U.S.C. § 1983 seeking compensatory damages, and declaratory and injunctive relief for the violation of his constitutional rights as a result of the improper seizure and retention of his motor vehicle. Plaintiff's complaint alleges that the County did not follow the due process requirements for retention hearings laid down by the Second Circuit in Krimsotck v. Kelly, 306 F.3d 40 (2d Cir. 2002) and ordered by other courts in this District in other cases, or as required by Suffolk County Code. Plaintiff alleges these violations occurred not just in his case, but as a matter of policy and practice by the County in numerous other cases cited in the complaint. Plaintiff brings a procedural due process claim under § 1983, a substantive due process claim under § 1983, and a claim for declarative and injunctive relief that such policies, practices and procedures of the County are unconstitutional and must be enjoined.

II.   Plaintiff's Complaint

Specifically, Plaintiff's complaint alleges that on February 3, 2013, his Toyota Corolla was seized by the County pursuant to a program by which certain vehicles are seized and subject to civil forfeiture as "instrumentalities of a crime." Complaint ("Cmplt"), ¶ 9. Although not stated in the complaint, the vehicle was seized in connection with Plaintiff's (second) arrest for driving while intoxicated.[1]

---

[1] In support of its motion to dismiss, Defendant has submitted various documents including the transcript of the retention hearing, the felony complaint and alcohol reports, Plaintiff's criminal history, the DMV record concerning the vehicle in question, the notice of seizure and hearing, and the hearing officer's written determination. Defendant argues that the Court may consider these public court records without converting the motion to dismiss to one

As noted in the complaint, the Second Circuit, in <u>Krimstock v. Kelly</u>, 306 F.3d 40 (2d. 2002), *cert. denied*, 539 U.S. 969, 123 S.Ct. 2640, 156 L.Ed.2d 675 (2003), ruled that the due process requirements of the14th Amendment require that in order to retain vehicles seized pursuant to such programs, the municipality must provide the owner with a "prompt post-seizure, pre-judgment hearing" before a neutral judicial officer. Cmplt., ¶ 12, citing <u>Krimstock</u>. The hearing officer must determine the likelihood of success on the merits and whether there are alternative means to satisfy the municipalities need to reserve the vehicle. <u>Krimstock</u>, 306 F.3d 40, 67 (2d Cir. 2002). The Second Circuit remanded the matter to the district court to "fashion the appropriate procedural relief." <u>Id.</u>, at 69. The district court thus crafted what is known as a <u>Krimstock</u> hearing, requiring the municipality to meet a three-pronged test: 1) that there was probable cause for the underlying arrest; 2) that the municipality is likely to succeed on the merits of the forfeiture action; and 3) that retention of the vehicle is necessary to protect the municipality's interest in the vehicle pending the forfeiture proceeding. <u>Krimstock v. Kelly</u>, 506 F.Supp.2d 249, 251-252 (S.D.N.Y. 2007) (noting affirmance of this procedure in forfeiture cases by <u>Jones v. Kelly</u>, 378 F.3d 198, 204 (2d Cir.2004); Cmplt., ¶ 14.

The complaint alleges that similarly, the Suffolk County Code, § 270-26(B)(1)[2] requires

---

for summary judgment, and the Plaintiff agrees that "documents known to him and upon which he relied in bringing this lawsuit," are properly before the Court. <u>See</u> Defendant's Memorandum of Law ("Def. Mem."), at 6; Plaintiff's Memorandum in Opposition ("Pl. Mem."), at 7. The Court agrees that it may take consider public documents of which the Plaintiff has notice without converting the motion to one for summary judgment. <u>Reyes v. County of Suffolk</u>, 995 F.Supp.2d 215, 220-221 (E.D.N.Y. 2014) (in an action against the County alleging the same violations, the Court considered in a motion to dismiss defendant's submissions of public records pertaining to the underlying charges and vehicle retention proceeding).

[2]Plaintiff references this section "as amended and/or renumbered." Defendant refers to the relevant section of the Code as § 420-6. There is no disagreement on what it requires.

that, in addition to finding probable cause for the arrest, the County must establish 1) likelihood of the success on the merits of the forfeiture action; 2) that retention is necessary to preserve the vehicle from destruction or sale during the pendency of the forfeiture proceeding, and 3) that no other measures would protect the County's interest during the proceeding. Cmplt., ¶ 16; Def. Mem., Exhibit ("Ex.") I: § 420-6, Warrantless Seizures.

The essence of Plaintiff's complaint is that the County has instituted a "sham retention hearing practice" whereby "hand-picked hearing officers" refuse to comply with the due process requirements articulated in Krimstock, that County officials are aware that due process rights are being violated after being so advised through two rulings in the Eastern District of New York in Boyle v. County of Suffolk, 2010 WL 4340627 (E.D.N.Y. 2010) and Ferrari v. County of Suffolk, 790 F.Supp.2d 34 (E.D.N.Y. 2011) and yet County officials deliberately fail to provide any supervision or training to prevent continued systemic constitutional violations. Cmplt., ¶ 17-31.

Specifically in his case, Plaintiff alleges that the hearing officer on his matter only made a finding of probable cause, based only on the submission of the arrest records, and that there was not findings of the other two prongs of Krimstock. Cmplt., ¶ 111. The Plaintiff also alleges that the hearing officer did not permit Plaintiff to appear through counsel to assert his need to have the vehicle released, and ruled that since there was no one present "with standing" to protest, he directed the County to retain the vehicle. Cmplt., ¶ 104-123; Pl. Mem., Ex. F: Determination, noting "no appearance" by the owner or operator despite appearance by counsel; Ex. G, at 11.

Plaintiff alleges these violations occur as a matter of practice. Rather than require that all three Krimstock prongs be satisfied, hearing officers in Suffolk County routinely require only

that the County prove that there was probable cause for the underlying arrest. Cmplt., ¶ 34-48. The complaints list three-three (33) hearing in which this occurred from 2004 through 2011, including excerpts from five (5) transcripts reflecting that the vehicle were ordered to be retained after only finding probable cause. Cmplt., ¶ 34-48.

The complaint further alleges that as a matter of practice, the only evidence ever offered are the arrest records, without any witnesses except possibly a clerk, and no evidence is offered as to whether the retention is "necessary" despite a Court in this District ruling that more was required than the arrest records.[3] Cmplt., ¶ 49-57. Further, the hearing officers routinely require the owner to appear in person, rather than through counsel, to testify to the need to have the vehicle released. Cmplt., ¶ 58-72. Plaintiff claims that hearing officers are not "neutral" and routinely require, in those instances where a vehicle is released, that the owner execute a general release in favor of the County. Cmplt., ¶ 73-103.

Defendant moves to dismiss the complaint in its entirety. Plaintiff cross-moves for summary judgment.

## DISCUSSION

I. <u>Legal Principles</u>

1. <u>Standards on Motion to Dismiss</u>

In considering a motion to dismiss made pursuant to Rule 12(b)(6), the court must accept the factual allegations in the complaints as true and draw all reasonable inferences in favor of

---

[3] As noted in the complaint, in <u>Boyle v. County of Suffolk</u>, Judge Joanna Seybert specifically ruled that none of the stipulated exhibits concerning the defendant's guilt or car ownership "'remotely concerned' whether 'it is necessary'" to retain the vehicle. 2010 WL 4340627, *4.

Plaintiff. Bold Electric, Inc. v. City of New York, 53 F.3d 465, 469 (2d Cir. 1995). In Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), the Supreme Court rejected the standard set forth in Conley v. Gibson, 355 U.S. 41 (1957), that a complaint should not be dismissed, "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief," id. at 45-46. The Supreme Court discarded the "no set of facts" language in favor of the requirement that plaintiff plead enough facts "to state a claim for relief that is plausible on its face." Twombly, 550 U.S. at 570; see also Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Although heightened factual pleading is not the new standard, Twombley holds that a "formulaic recitation of cause of action's elements will not do... Factual allegations must be enough to raise a right to relief above the speculative level." Twombley, at 555. A pleading need not contain "'detailed factual allegations,'" but must contain more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." Iqbal, at 678, quoting Twombley, at 555 (other citations omitted). "Determining whether a complaint states a plausible claim for relief" is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, at 679. Reciting bare legal conclusions is insufficient, and "[w]hen there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Iqbal, at 679. A pleading that does nothing more than recite bare legal conclusions is insufficient to "unlock the doors of discovery." Iqbal, at 678-679.

As noted above, the Court will consider the public court documents known to the Plaintiff that were submitted here and are beyond the complaint, and draws all reasonable inferences in favor of Plaintiff. Bold Electric, Inc. v. City of New York, 53 F.3d 465, 469 (2d Cir. 1995).

"When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Iqbal, at 679, 129 S.Ct. at 1950; Reyes v. County of Suffolk, 995 F.Supp.2d 215, 220-221 (E.D.N.Y. 2014).

II. Defendant's Motion to Dismiss

    A. Plaintiff's Procedural Due Process Claim

To bring a procedural due process claim, a plaintiff must show that he has a property interest, and that it was deprived without due process. McMenemy v. City of Rochester, 241 F.3d 279, 285–86 (2d Cir.2001) (internal citations omitted). Under Krimstock, due process requires that the County prove that 1) that there was probable cause for the underlying arrest; 2) that the municipality is likely to succeed on the merits of the forfeiture action; and 3) that retention of the vehicle is necessary to protect the municipality's interest in the vehicle pending the forfeiture proceeding. In this case, Plaintiff's complaint, as well as the court records provided, indicate that plaintiff has sufficiently alleged a procedural due process violation. The Determination of the Hearing Officer does not make any explicit findings that satisfy the Krimstock standards. See Def. Mem., Ex. H. The transcript of the hearing also fails to include explicit Krimstock findings. Without making any explicit findings, the hearing officer did acknowledge that "[a]ll I'm deciding here is whether there is probable cause, and whether there is a probability of success on the merits in a future forfeiture proceeding." Def. Mem., Ex. A, at 3-4. The documents concerning Plaintiff's underlying arrest were submitted into evidence, and there was significant discussion of Plaintiff's appearance through counsel rather than in person. In what may also reflect a misapplication of who carries the burden of proof, the hearing officer found that "[a]t this point, there is no other alternative but to retain the vehicle because there is

no one around tor available to lay claim otherwise. There is no person who has standing in this proceeding that can testify that the vehicle should not be retained." Def. Mem., Ex. A, at 11.

The Court finds that Plaintiff's complaint sufficiently alleges a claim for a violation of his procedural due process rights and therefore Defendant's motion to dismiss this claim is denied. See also Reyes, 995 F.Supp.2d 215, 228 (E.D.N.Y. 2014) (plaintiff's procedural due process claim survives a motion to dismiss where the transcript reveals that the County did not establish all three Krimstock prongs, nor did the hearing officer consider those prongs in his ruling or on the record); Ferrari, 790 F.Supp.2d at 45 (motion to dismiss due process claims denied where hearing officer failed, amongst other things, to make findings to satisfy the Krimstock prongs); Fasciana v. County of Suffolk, 996 F.Supp.2d 174, (E.D.N.Y. 2014) (motion to dismiss procedural due process claim denied where Plaintiff alleges that compliance with Krimstock test is a sham).

Defendant argues that Plaintiff's § 1983 claim should be dismissed since he could have pursued either a *de novo* review of the hearing officer's determination or an Article 78 proceeding, and that the availability of these state remedies are sufficient to satisfy due process. Def. Mem., at 15-17. Yet, when the purported due process violations "occur in the more structured environment of established state procedures, rather than random acts," available post-deprivation remedies are not sufficient. Reyes, 995 F.Supp.2d at 227, citing Hellenic v. Neighborhood Action Comm. v. City of New York, 101 F.3d 877 (2d Cir. 2001).

The Court finds that Defendant's arguments are without merit. As noted by the Court in Reyes, the issue in this case is not that this Plaintiff was subject to a random, unauthorized violation. Plaintiff alleges that "Defendant's procedural due process violations are systemic as

opposed to random," and therefore Plaintiff is not required to pursue an Article 78 proceeding. Reyes, 995 F.Supp.2d at 228, citing Ferrari, 2013 WL 4017022, *8. Defendant's motion to dismiss Plaintiff's claims on this basis is therefore denied.

B. Plaintiff's Substantive Due Process Claim

Plaintiff's substantive due process claim alleges that Defendant "arbitrarily, capriciously and deliberately" deprived Plaintiff of property rights and "engaged in a pattern of conduct which was oppressive." Cmplt., ¶ 149. Defendant argues that the County's actions do not rise to the "conscience-shocking" level required for a substantive due process claim. It claims that the hearing officer's ruling to retain the vehicle was reasonable in light of the fact that Plaintiff repeatedly drove while intoxicated, and had post-deprivation state procedural remedies available to him.

A substantive due process claim "protects against government action that is arbitrary, conscience-shocking, or oppressive in a constitutional sense." Reyes, 995 F.Supp.2d at 230 (quoting Kaluczky v. City of White Plains, 57 F.3d 202, 211 (2d Cir. 1995), citing Lowrence v. Achtyl, 20 F.3d 529, 538 (2d Cir. 1994)). "Substantive due process is an outer limit on the legitimacy of governmental action. It does not forbid governmental actions that might fairly be deemed arbitrary or capricious and for that reason correctable in a state court lawsuit seeking review of administrative action. Substantive due process standards are violated only by conduct that is so outrageously arbitrary as to constitute a gross abuse of governmental authority." Natale v. Town of Ridgefield, 170 F.3d 258, 262-263 (2d Cir. 1999). "As a general matter, the Court has always been reluctant to expand the concept of substantive due process because the guideposts for responsible decisionmaking in this unchartered area are scarce and open-ended.

The protections of substantive due process have for the most part been accorded to matters relating to marriage, family, procreation, and the right to bodily integrity." Albright v. Oliver, 510 U.S. 266, 271–72, 114 S.Ct. 807, 127 L.Ed.2d 114 (1994) (Court declines to find a claim under the "more generalized notion" of substantive due process right under the Fourteenth Amendment to be free from criminal prosecution without probable cause where such a right is protected explicitly by the Fourth Amendment, which provides the better guide for analyzing such a claim) (internal quotations and citations omitted).

Various courts have found that the property right deprivation similar to the one alleged here does not rise to the level of a substantive due process violation. Reyes, 995 F.Supp.2d at 230 (substantive due process claim based on seizure of vehicle dismissed); Ferrari, 2013 WL 4017022, * 9 (property interest in vehicle not a fundamental right entitled to substantive due process protection); Fasciana v. County of Suffolk, 996 F.Supp.2d 174, 183-184 (E.D.N.Y. 2014) (property interest in vehicle is not subject to substantive due process protection, following Ferrari); Yu Juan Sheng v. City of New York, 2009 WL 6871132, *11-12 (E.D.N.Y. 2009) (seizure of plaintiff's vehicle does not support a substantive due process claim, nor does the alleged conduct constitute a "gross abuse of governmental authority") (citations omitted);

This Court finds that even reviewing the allegations in a light most favorable to Plaintiff, the violation of property rights alleged here do not constitute government conduct that is so "outrageously arbitrary" or a "gross abuse of discretion" that substantive due process rights have been implicated. Therefore, Defendant's motion to dismiss this claim is granted.

C.  Plaintiff's Claim for Declatory and Injunctive Relief

Defendant argues that Plaintiff is not entitled to injunctive relief because he cannot show

irreparable harm since there is no threat of future injury. "Past exposure to illegal conduct does not in itself show a present case or controversy regarding injunctive relief ... if unaccompanied by any continuing, present adverse effects." City of Los Angeles v. Lyons, 461 U.S. 95, 103 S.Ct. 1660 (1983) (quoting O'Shea v. Littleton, 414 U.S. 488, 495–496, 94 S.Ct. 669, 38 L.Ed.2d 674 675–676 (1974)). While past harms do not support injunctive relief, "[t]o establish irreparable harm, a party seeking preliminary injunctive relief must show that 'there is a continuing harm which cannot be adequately redressed by final relief on the merits' and for which 'money damages cannot provide adequate compensation.'" Kamerling v. Massanari, 295 F.3d 206, 214 (2d Cir. 2002) (quoting N.Y. Pathological & X-Ray Labs., Inc. v. INS, 523 F.2d 79, 81 (2d Cir.1975)); see also Aladdin Capital Holdings, LLC v. Donoyan, 438 Fed.Appx. 14, 16 (2d Cir. 2011) (violations no longer continuing, making claim for injunctive relief moot).

Plaintiff alleges that the constitutional violation he suffers continues to date since the County continues to deprive Plaintiff of his vehicle. Cmplt., ¶ 121. Therefore, viewing the allegations in a light most favorable to him, he has stated a claim for declatory and injunctive relief and Defendant's motion to dismiss this claim is denied.

D. Plaintiff's Monell Claim

To state a claim for municipal liability under 42 U.S.C. § 1983, a plaintiff must show three elements: "(1) an official policy or custom that (2) causes the plaintiff to be subjected to (3) a denial of a constitutional right." Zahra v. Town of Southold, 48 F.3d 674, 685 (2d Cir. 1995) (citations omitted). Defendant argues that Plaintiff's complaint only asserts boilerplate and conclusory allegations, without sufficient factual allegations to indicate a widespread municipal practice or custom.

The Court disagrees. Plaintiff's complaint references thirty-three cases other than his own to allege that it was a custom and/or policy of the County to disregard the Krimstock standards when seeking continued retention of seized vehicles, that the County failed to adequately train or supervise County-appointed hearing officers in the findings required by law, or ensure neutrality by them. The Court finds that these allegations sufficiently allege a claim for municipal liability under § 1983. See also Reyes, 995 F.Supp.2d at 231 (motion to dismiss § 1983 municipal liability claim where plaintiff has alleged that the County systemically disregards Krimstock is denied); Fasciana, 996 F.Supp.2d at 184-185 (Monell claims against County for failure to follow Krimstock survive motion to dismiss); Ferrari, at *10-11 (granting summary judgment on plaintiff's claim for municipal on County's practice of failing to meet its burden under Krimstock at retention hearings). Therefore Defendant's motion to dismiss this claim is denied.

III. Plaintiff's Cross-motion for Summary Judgment

In opposition to Defendant's motion to dismiss, Plaintiff has cross-moved for summary judgment on his procedural due process claim, arguing that it is "beyond argument" that the County has failed to satisfy the Krimstock standards. Plaintiff also argues that collateral estoppel bars the Defendant from re-litigating the issues already decided in Ferrari and Boyle.

Yet, as argued by the Defendant, Plaintiff failed to submit a Local Rule 56.1 Statement outlining the undisputed facts. The Court has discretion to deny a motion for summary judgment when it does not include a Rule 56.1 Statement. "Failure to submit such a statement may constitute grounds for denial of the motion." Local Civil Rule 56.1(a); T.Y. v. New York City Dept. of Educ., 584 F.3d 412, 417 (2d Cir. 2009). The Court finds that Plaintiff's failure ro

provide a statement of undisputed facts is fatal to its motion for summary judgment, and therefore the motion is denied on this basis.[4]

## CONCLUSION

For the foregoing reasons, Defendant's motion is granted in part and denied in part. Defendant's motion to dismiss Plaintiff's procedural due process claim is DENIED; Defendant's motion to dismiss Plaintiff's substantive due process claim is GRANTED; Defendant's motion to dismiss the claims for declartory and injunctive relief, and for municipal liability are DENIED. Plaintiff's cross-motion is DENIED.

SO ORDERED.

                          s/ Leonard D. Wexler
                          LEONARD D. WEXLER
                          UNITED STATES DISTRICT JUDGE

Dated: Central Islip, New York
        September 22, 2014

---

[4] The Court declines to address the merits of Plaintiff's collateral estoppel arguments.

-13-